IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP STERLING, SR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:18-cv-526-D |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Partial Motion to Dismiss (ECF No. 11), filed by Defendant the United States of America. Because Plaintiff has filed an amended complaint which abandons all of the claims challenged by Defendant in its Motion, the Court recommends the Motion be DENIED AS MOOT.

Plaintiff Phillip Sterling Sr., proceeding *pro se*, filed his Original Complaint on March 6, 2018, asserting claims against Defendant for alleged negligent medical care he received at the Department of Veterans Affairs ("VA") Medical Center in Dallas, Texas. More specifically, Plaintiff asserted claims for (1) violation of the Veteran Claims Assistance Act of 2000 ("VCAA"); (2) negligence; (3) medical malpractice; (4) violation of the Texas Deceptive Trade Practices Act ("DTPA"); and (5) fraud. Compl. 13-19 (ECF No. 3). On June 1, 2018, Defendant filed an Answer to Plaintiff's Complaint, as well as its Motion to Dismiss. By its Motion, Defendant seeks dismissal of Plaintiff's DTPA, fraud, and VCAA claims

1

for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Defendant does not dispute that Plaintiff may bring claims against it for negligence and/or medical malpractice under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 *et seq.*, but Defendant argues that the FTCA is the exclusive remedy for tort claims against the government. Defendant further argues that Plaintiff's VCAA claim is barred because all claims for VA benefits must be brought before the United States Court of Appeals for Veterans Claims, and not in federal district court. On June 5, 2018, in response to Defendant's Motion, Plaintiff filed an Amended Complaint, which abandoned all but a single cause of action for negligence. Am. Compl. 10 (ECF No. 15).

Fed. R. Civ. P. 15(a)(1)(B) allows a party to amend its pleading once as a matter of course—if the pleading is one to which a responsive pleading is required, such as a complaint—within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiff was entitled to file a first amended complaint without leave of court, within 21 days of service of Defendant's Answer and Rule 12(b)(1) Motion, on June 1, 2018. Plaintiff timely filed his Amended Complaint on June 5, 2018. The Amended Complaint renders moot Defendant's Motion, as the Amended Complaint abandons all the claims challenged by the Motion. Accordingly, Defendant's Motion to Dismiss (ECF No. 11) should be DENIED AS MOOT.

**SO RECOMMENDED**.

June 8, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

3