IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP STERLING, SR., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-0526-D |
| VS. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action involving claims against the United States of America (the "government") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, plaintiff Phillip Sterling, Sr., ("Sterling") moves for leave to file a second amended complaint. For the reasons explained, the court denies the motion.

I

Sterling, initially proceeding *pro se*, filed suit against the government in March 2018, alleging that members of the medical staff at the Veterans Affairs North Texas Health Care System were negligent in performing a left partial nephrectomy, which resulted in permanent neurological damage. In May 2019 counsel for Sterling filed a notice of appearance, and the parties filed a joint motion to modify the scheduling order, which the court granted. The court set November 19, 2019 as the deadline for filing motions for leave to amend the pleadings. On January 3, 2020 Sterling's counsel filed the instant motion for leave to file a second amended complaint.

II

A

When, as here, the deadline to amend pleadings has expired, a court considering a motion to amend or supplement pleadings must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.). If the movant satisfies the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend or supplement: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant is insufficient to constitute "good cause." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 248523, at *2 (N.D. Tex. Jan. 26, 2011) (Fitzwater, C.J.). Instead, the movant must show that, despite his

diligence, he could not have reasonably met the scheduling deadline. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1.

B

"When a party files an untimely motion for leave to amend and does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.). Here, Sterling has "not only failed to meet the good cause standard required under Rule 16(b)(4) to obtain modification of the scheduling order, [he has] not even addressed that standard or the four-part test under which the court assesses whether to amend the scheduling order." *Id*. Indeed, his motion merely "asks the Court's permission to grant this Leave of Court to file Plaintiff's Second Amended Original Complaint," without any further explanation. P. Mot. 1. Moreover, in the government's response, it specifically raised Sterling's failure to address the good cause standard. Assuming *arguendo* that it would not have been too late for Sterling to address the Rule 16(b)(4) good cause standard in a reply brief, he did not file a reply. Because Sterling "file[d] an untimely motion for leave to amend and d[id] not address the good cause standard under Rule 16(b)(4)" in either his motion or a reply, the court "denies the motion for that reason alone." *Schlegel*, 2010 WL 2671316, at *3; *see also Maiden Biosciences, Inc. v. MPM Med., Inc.*, 2019 WL 6036941, at *6 (N.D. Tex. Nov. 14, 2019) (Fitzwater, J.) (denying leave to amend where movant "fail[ed] to mention . . . Rule 16(b)(4) or good cause[.]").

\* \* \*

Accordingly, the court denies Sterling's motion for leave to file a second amended complaint.

**SO ORDERED**.

January 29, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE