IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP STERLING, SR., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:18-CV-0526-D |
| VS. § | |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant United States of America's (the "government's") February 28, 2020 motion for summary judgment—to which plaintiff Phillip Sterling, Sr., ("Sterling") has not responded—is granted, and this action is dismissed with prejudice by judgment filed today.[1]

This is an action by Sterling involving claims against the government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674. It arises from a left partial nephrectomy performed by medical staff of the Veterans Affairs North Texas Health Care System, which allegedly resulted in permanent neurological damage. The government moves for summary

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

judgment on all of Sterling's claims. Sterling has not responded to the motion.[2]

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D.

---

[2]The government filed its motion on February 28, 2020. Sterling's response was due March 20, 2020. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

The court recognizes that court proceedings and deadlines in this district (primarily in criminal cases) have been continued in recent days due to the COVID-19 pandemic. But no such relief has been granted in this civil case; Sterling's counsel has made no attempt by written motion or request (or, so far as the court is aware, by other means) to obtain a continuance of the deadline to respond; and the court has waited over ten days after the expiration of the deadline set by local civil rule to decide the government's motion.

And although there was a discovery dispute in which the magistrate judge ordered the government to amend a discovery response, Sterling made no attempt to request relief under Fed. R. Civ. P. 56(d) from his obligation to respond to the government's summary judgment motion. Moreover, the government asserts—and Sterling did not dispute—that it complied with its obligations on March 11, 2020, nine days before Sterling's summary judgment response was due. Because Sterling has not availed himself of relief under Rule 56(d), the court concludes that there is no cause to defer a ruling on the government's motion for summary judgment.

Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

The government has pointed in its motion to the absence of evidence to support each of Sterling's claims. The burden has therefore shifted to Sterling to present evidence that creates a genuine issue of material fact. Sterling has not responded to the government's motion. Although his failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because the government has pointed to the absence of evidence to support Sterling's claims and he has not produced evidence in response to the motion, the government is entitled to summary judgment dismissing Sterling's action with prejudice.

\* \* \*

Accordingly, the government's February 28, 2020 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

March 31, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE