IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PHILLIP STERLING, SR.,                    §
                                          §
                    Plaintiff,            §
                                          §   Civil Action No. 3:18-CV-0526-D
VS.                                       §
                                          §
UNITED STATES OF AMERICA,                 §
                                          §
                    Defendant.            §

MEMORANDUM OPINION
AND ORDER

In this medical negligence action, the court granted summary judgment in the defendant's favor after the plaintiff failed to respond to the motion and to adduce expert testimony, as required under Texas law.  Plaintiff Phillip Sterling, Sr. ("Sterling"), now moves to reinstate the case and for an extension of time to respond to the summary judgment motion, and he seeks to designate an expert witness.  Defendant United States of America (the "government") opposes both motions and objects to the expert designation.  Treating Sterling's motion to reinstate as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion.  The court denies as moot Sterling's motion for extension of time to respond to the government's summary judgment motion and the government's objection to Sterling's expert designation.

I

Sterling, initially proceeding *pro se*, filed this lawsuit against the government on March 6, 2018 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, after

a left partial nephrectomy performed by medical staff of the Veterans Affairs North Texas Health Care System, which allegedly resulted in permanent neurological damage.   On February 28, 2020—almost two years after the lawsuit was filed—the government moved for summary judgment on all of Sterling's claims.  Sterling did not respond by the March 20, 2020 deadline.[1]  The court granted the motion on March 31, 2020, reasoning that "[b]ecause the government . . . pointed to the absence of evidence to support Sterling's claims and he has not produced evidence in response to the motion, the government is entitled to summary judgment[.]"  *Sterling v. United States*, 2020 WL 1529184, at *2 (N.D. Tex. Mar. 31, 2020) (Fitzwater, J.) (*Sterling II*).  The court accordingly dismissed Sterling's suit with prejudice. *See id.*

The following day, on April 1, 2020, Sterling filed the instant motion to reinstate the case, and on April 7, 2020 he filed a motion for extension of time to respond to the government's summary judgment motion.   Sterling also filed a "Notice of Former Declaration of Expert," which purports to notify the court notice that, while proceeding *pro se*, he designated Dr. Craig Bash ("Dr. Bash") as an expert before the deadline for expert designations expired.

---

[1]Because the government filed its motion on February 28, 2020, Sterling's response was due by March 20, 2020.  *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

II

A

The court will treat Sterling's motion to reinstate as a Rule 59(e) motion to alter or amend the judgment.[2]  Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.).  "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks omitted)).  The movant must demonstrate valid reasons to justify the court's

_____

[2]Under Rule 59(e), a party may move to "alter or amend a judgment"; under Rule 60(b) a court may "relieve a party . . . from a final judgment" for specific reasons.  Rules 59(e), 60(b).  Whether Rule 59(e) or Rule 60(b) applies to a motion such as Sterling's depends on when the motion is served.  *See Drew v. Life Ins. Co. of N. Am.*, 2009 WL 1856604, at *1 (N.D. Tex. Jun. 29, 2009) (Fitzwater, C.J.).  "If [a] motion is served [no later than 28 days after the entry of the judgment], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.*; *see* Rule 59(e).  Thus although Sterling addresses his motion under the Rule 60(b) standard, the court will consider it under the less onerous Rule 59(e) standard because he filed the motion one day after judgment was entered, i.e., within 28 days after the entry of the judgment.  *See Drew*, 2009 WL 1856604, at *1; *see also Davila v. Walmart Stores, Inc.*, 2017 WL 1509303, at *1 (N.D. Tex. Apr. 27, 2017) (Fitzwater, J.) (addressing motion to reconsider under Rule 59(e) when filed "within 28 countable days of the date the judgment was entered.").

reconsideration of a prior ruling. *See Hearn v. Quarterman*, 2008 WL 679030, at *3 (N.D.

Tex. Mar. 13, 2008) (Fitzwater, C.J.).

In deciding Sterling's motion, the court also considers factors such as whether

Sterling's failure to respond to the government's summary judgment motion was the result

of excusable neglect, whether setting aside the judgment would prejudice the government,

and whether Sterling has a meritorious claim. *See CJC Holdings, Inc. v. Wright & Lato, Inc.*,

979 F.2d 60, 64 (5th Cir. 1992).[3]  "These factors are not 'talismanic,' and [the court] will

consider others." *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).  The

ultimate inquiry remains whether the movant shows good cause. *See id.*  "The district court

need not consider all of these factors." *Id.*

While "[t]he district court has considerable discretion in deciding whether to reopen

a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.

1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should

be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing

*Clancy v. Employers Health Insurance Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  Rule

59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]"  *S.*

*Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote

---

[3]*CJC Holdings* actually states that the first factor is "whether the default was willful[.]" *CJC Holdings*, 979 F.2d at 64.  But the opinion "suggest[s] that district courts should use the less subjective excusable neglect standard in the future." *Id.  CJC Holdings* also discusses the existence of a meritorious *defense*.  Because Sterling is a plaintiff rather than a defendant, this element is more aptly framed here in terms of whether there is a meritorious *claim*.

omitted).

B

Sterling moves for relief from the final judgment on several grounds.  He contends that the court manifestly erred by granting a "default" summary judgment, and that a "motion for summary judgment cannot be granted merely because no opposition has been filed."  P. Br. 6 (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).  He posits that the court erred by granting summary judgment before the discovery period closed, when discovery responses were still pending, and his deposition had not yet been taken.  Sterling also contends that his failure to respond to the summary judgment motion was a result of excusable neglect; that he failed to respond because his counsel and the government agreed to extend the summary judgment response deadline to May 1, 2020 to permit his attorney to take the deposition of his treating physicians and to allow Sterling to be deposed; and that his attorney made "an inadvertent mistake in failing to send an unopposed extension agreement order to the Court."  *Id.* at 6.  In his reply, Sterling maintains that the government will not be prejudiced if his motion is granted and that he has a meritorious claim.

III

The court considers first whether any manifest error of law or fact entitles Sterling to Rule 59(e) relief.

As the court explained in *Sterling II*, a "failure to respond does not permit the court to enter a 'default' summary judgment," nevertheless, "[a] summary judgment nonmovant

- 5 -

who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Sterling II*, 2020 WL 1529184, at *2. In other words, the court did *not* grant a "default" summary judgment. Instead, the court granted the government's motion based on "the absence of evidence to support Sterling's claims" and his failure to "produce[] evidence" that created a genuine issue of material fact. *Id.*; *see also Potasznik v. McGee*, 2019 WL 859579, at *2 (N.D. Tex. Feb. 22, 2019) (Lindsay, J.) (explaining that the court did not enter a default summary judgment following the nonmovant's failure to respond but instead accepted movant's facts as undisputed and granted the motion on that basis).

IV

Even if the court assumes *arguendo* that Sterling timely responded to the summary judgment motion, the court would nevertheless have granted the motion. This is so because Sterling failed to properly designate any witnesses who would have provided expert testimony to support his claim.[4]

---

[4]Sterling contends in his reply to the government's objection to his April 24, 2020 "Notice of Former Declaration of Expert" that the government "now cannot challenge Plaintiff's Designation of Expert because it is time barred." P. Reply to D. Obj. 2. The court disagrees.

The orders that Sterling relies on from other judges in other cases are inapposite. What controls are the scheduling and trial setting orders entered in this case. The scheduling order in this case does not set a deadline to object to initial designations and disclosures under Rule 26(a)(2), and the trial setting order provides, in pertinent part: "The court expects the parties to comply fully with the disclosure and objection requirements of Rule 26(a)(3). . . . Any required objections must be served and filed, in the required form, no later than 14 days before the date of the trial setting." The initial trial setting was June 15, 2020, and the trial had been reset to the two-week docket of October 13, 2020 at the time summary

A

Where, as here,[5] "expert testimony is required to support a medical [negligence] claim," and the plaintiff "fail[s] to designate any expert witnesses, summary judgment should be granted." *Mancha v. United States*, 2020 WL 42276, at *4 (N.D. Tex. Jan. 2, 2020) (Pittman, J.); *see also Hannah v. United States*, 523 F.3d 597, 602 (5th Cir. 2008) ("[Plaintiff] neither designated nor hired an expert to testify on his behalf, so the district court properly granted summary judgment on the FTCA claim.").

_____

judgment was granted. Because no deadline had been set for Rule 26(a)(2) objections, and Rule 26(a)(3) disclosures had not yet been made, any objections made to Sterling's expert designations were timely.

[5]Liability for medical negligence "claims brought under the FTCA is determined by state law." *Coleman v. United States*, 912 F.3d 824, 829 (5th Cir. 2019) (citing *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985)). Texas law applies in this case because the alleged medical negligence occurred in Texas.

> When the negligence alleged is in the nature of medical malpractice, the plaintiff has the burden of proving (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) an injury, and (4) a causal connection between the breach of care and the injury.

*Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (citing *Mills v. Angel*, 995 S.W.2d 262, 267 (Tex. App. 1999, no. pet.). "Unless th[e] standard of care is common knowledge or within the experience of laymen, testimony from a medical expert is required to satisfy the plaintiff's threshold burden of proof." *Coleman*, 912 F.3d at 829 (citing *Hannah v. United States,* 523 F.3d 597, 601 (5th Cir. 2008)). "The [p]laintiff must similarly offer expert testimony on the issue of causation." *Jackson v. United States*, 2019 WL 974667, at *15 (N.D. Tex. Feb. 27, 2019) (O'Connor, J.) (citing *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010)). Because matters of robotic-assisted surgeries, including how a patient should be positioned for such a surgery, and causation of neurological damage are not within the experience of laypeople, expert testimony is required here.

Moreover, simply designating an expert witness will not do.  The expert disclosures must comply with Rule 26(a)(2)(B) for retained experts, which requires a written expert report prepared and signed by the witness, and Rule 26(a)(2)(C) for nonretained experts, which requires, *inter alia*, disclosure of a summary of the facts and opinions on which the expert intends to rely.  A plaintiff "may not rely on [a] deficient expert designation to oppose the [government's] motion for summary judgment unless his failure to comply with Rule 26(a)(2) 'was substantially justified or is harmless.'"  *Sereseroz v. United States*, 2017 WL 1157224, at *4 (N.D. Tex. Mar. 2, 2017) (Horan, J.) (quoting Rule 37(c)(1)) (granting summary judgment on FTCA claim where plaintiff's expert designations failed to comply with Rule 26(a)(2)), *rec. adopted*, 2017 WL 1155836 (N.D. Tex. Mar. 27, 2017) (Lynn, C.J.).

B

Sterling identifies five individuals who may offer expert witness testimony: Peggy Martin ("Martin"), a nonretained expert; three nonretained treating physicians; and Dr. Bash, a retained expert.  Sterling has failed, however, to provide the required Rule 26(a)(2) disclosures as to each expert.

1

Sterling has designated Martin as a nonretained "treating/fact" expert.  Under Rule 26(a)(2)(C), the disclosure "must state the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."  Rule 26(a)(2)(C).  Although "[n]onretained experts are not required to submit reports," the rule "is intended to ensure that an opposing party has some notice of

- 8 -

what the nonretained expert will testify about"; therefore, the disclosure must, at the very least, "state opinions, not merely topics of testimony," and "contain . . . a summary of the facts upon which the opinions are based." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, 2017 WL 90366, at *2 (N.D. Tex. Jan. 10, 2017) (Fitzwater, J.) (citing *Carr v. Montgomery Cty.*, *Tex.*, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015)).  "[T]he requirement of a 'summary' may be satisfied by an 'abstract, abridgement, or compendium of the opinion and facts supporting the opinion,'" *id.* (quoting *Anders v. Hercules Offshore Services, LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015)), and the court "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have," *id.* (quoting Rule 26(a)(2)(C) advisory committee's note (2010 amendment)).

Sterling's expert disclosure as to Martin states that "Plaintiff was referred to Genetics lab for genetic testing.  Plaintiff was called and told that none of his current medical issues (cancer, tumors) were related to genetic abnormalities.  Peggy Martin may be deposed at a deposition."  P. Rule 26(a)(2) Supp. Disclosures 2.  Although this disclosure does appear to state an opinion—i.e., that none of Sterling's current medical issues (cancer, tumors) was related to genetic abnormalities—it does not provide a "brief account of facts . . . on which the expert actually relied in forming his or her opinions."  *Carr*, 2015 WL 5838862, at *2 (quoting *Tolan v. Cotton*, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015)).  It likewise fails to identify Martin's position, if any, with the lab.  *Cf., e.g., Everett Fin., Inc.*, 2017 WL 90366, at *2 (holding that Rule 26(a)(2)(C) disclosures were sufficient where, *inter alia*,

"disclosures list[ed] each expert's position"); *Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, 2016 WL 6084635, at *3 (S.D. Tex. Oct. 18, 2016) (holding that disclosure was sufficient where it "also presented the bases for [the] . . . expert['s] opinions as his 'over 30 years of transportation experience,' as required by Rule 26(a)(2)(C).").[6]  Because the expert disclosures pertaining to Martin fail to provide an appropriate summary under Rule 26(a)(2)(C), the court concludes that Martin's expert disclosure is deficient.

2

Sterling's disclosures as to the nonretained treating physicians are likewise deficient under Rule 26(a)(2).  Sterling maintains that, because they are treating physicians, he need not "disclose any more than the identity of the hybrid [treating physician witness] under Rule 26(a)(2)(A)."  P. Reply 8.  The court disagrees that Sterling's disclosure obligation is confined to the witnesses' identities.

"The trend among district courts in the Circuit is toward applying Rule 26(a)(2)(C) to such 'treating physician' experts."  *McCranie v. Home Depot U.S.A., Inc.*, 2016 WL 7626597, at *6 (E.D. Tex. Aug. 25, 2016).  Therefore, although not subject to the same requirements as retained experts under Rule 26(a)(2)(C), "Rule 26(a)(2)(C) witnesses [are] subject . . . to disclosure of a summary of the facts and opinions on which the physician

---

[6]Moreover, because the government did not identify Martin's role at the lab and the government contends she is a nurse, it is not clear that Martin could qualify as an expert on medical causation.  *See Smith v. Christus Saint Michaels Health Sys.*, 496 Fed. Appx. 468, 474 n.2 (5th Cir. 2012) (per curiam) ("Nurses in Texas . . . may not testify about causation." (quoting *Group v. Vicento*, 164 S.W.3d 724, 729 (Tex. App. 2005, pet. denied))).

intends to rely." *Id.*  Sterling has failed to provide any such disclosures as to the three treating physicians—indeed he maintains that none was required—and has therefore failed to comply with Rule 26(a)(2)(C) as to these three nonretained treating physicians.

3

Turning to Dr. Bash, even if the court assumes *arguendo* that Dr. Bash was timely designated, the designation nevertheless fails to comply with Rule 26(a)(2)(B).

Rule 26(a)(2)(B) requires, *inter alia*, that the disclosures of a retained expert "be accompanied by a written report—prepared and signed by the witness[.]" Rule 26(a)(2)(B). Sterling's designation of Dr. Bash is contained in an exhibit attached to Sterling's "Former Declaration of Expert." It contains only the physician's name and contact information, and does not mention a written report. Moreover, the government contends—and Sterling does not deny—that Sterling failed to provide Dr. Bash's expert report to the government. Sterling's disclosure therefore fails to comply with the requirements of Rule 26(a)(2)(B).

C

Having concluded that Sterling failed to comply with the requirements of Rule 26(a)(2), the court turns to the question whether this "failure was substantially justified or is harmless." Rule 37(c)(1).

1

"The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Everett Fin., Inc.*, 2017 WL 90366, at *4 (quoting *Sea Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.*, 64 Fed. Appx. 367,

372 (4th Cir. 2003)).   To evaluate whether a violation of Rule 26 is harmless, the court examines four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Hoffman v. L&M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (citing *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004) (Fitzwater, J.)); *accord, e.g., Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208, at *1 (N.D. Tex. June 26, 2014) (Horan, J.).   "The court considers the four-factor test holistically.   It does not mechanically count the number of factors that favor each side." *Hoffman*, 2013 WL 81578, at *3 n.7 (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)) (citations and internal quotation marks omitted).

2

Regarding the importance of the evidence, Sterling explains that the treating physicians informed him that the neurological injuries were due to the surgery completed at the Dallas VA and that Dr. Bash will "confirm[] that the robotic[-]assisted surgery was responsible for [Sterling's] nerve injuries suffered at the VA North Texas HCS on December 23, 2014." P. Reply 7.   Undoubtedly, "th[is] missing expert evidence 'is vital to [Sterling's] cause'" because, without this testimony, Sterling cannot establish the causation element of his medical negligence claim.   *Sereseroz*, 2017 WL 1157224, at *5 (quoting *Borden v. United States*, 537 Fed. Appx. 570, 574 (5th Cir. 2013) (per curiam)).   For this reason, the

court concludes that the evidence is important.

### 3

The second factor focuses on prejudice to the opposing party. Although "perhaps not as palpable as if trial were looming," the court concludes that the failure to properly and timely designate expert witnesses caused "real" prejudice to the government. *Harriman v. Hancock Cty.*, 627 F.3d 22, 31 (1st Cir. 2010). This is because "defendant[] prepared and filed a summary judgment motion" seeking to dispose of Sterling's claims "premised on [disclosures] submitted before the [expert designation] deadline." *Id.* Thus by failing to properly and timely designate experts with the requisite disclosures, Sterling deprived the government of the opportunity "to depose [several of the experts] in light of [their] expert designation" before filing its motion. *Everett Fin., Inc.*, 2017 WL 90366, at *4; *see also Sereseroz*, 2017 WL 1157224, at *5 (citing *Valcho v. Dall. Cty. Hosp. Dist.*, 658 F.Supp.2d 802, 815 (N.D. Tex. 2009) (Fitzwater, C.J.)) (finding that plaintiff's deficient expert designations prejudiced the government when it had already moved for summary judgment). Accordingly, the court concludes that the government was prejudiced by the deficient disclosures. *See, e.g., Harriman*, 627 F.3d at 31; *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018) (finding prejudice where plaintiff revealed that he would use expert testimony "only after," *inter alia*, "[defendant] had filed its motion for summary judgment[.]").

### 4

The third factor addresses the possibility of curing prejudice with a continuance. The

court granted the parties' joint motion to extend the expert designation deadline to December 19, 2019, but Sterling failed to designate any experts beyond Martin.  The court also extended the discovery deadline to April 30, 2020, which, like the expert designation deadline, has now expired.  The court concludes that a continuance would not cure the prejudice identified under the second factor unless the court also revived both the expert designation deadline and discovery period so that the government could review and depose any properly designated expert.  *See Everett Fin., Inc.*, 2017 WL 90366, at *4.

5

Under the fourth factor, the court evaluates the explanation for Sterling's failure to disclose.  Sterling's counsel now contends that he was not aware that Sterling had previously attempted to designate Dr. Bash as an expert, asserts that nothing further was required of the nonretained treating witnesses other than designating them as fact witnesses, and does not address the inadequate disclosures as they relate to Martin.  To the extent Sterling contends that he or his counsel was not aware of the disclosures in this case, the court's deadlines, or the requirements of Rule26(a)(2), the court finds such an explanation to be inadequate.  Moreover, as explained, the court extended the expert designation deadline, and Sterling's counsel failed to designate any experts beyond Martin.  If Sterling "faced difficulty" acquiring the necessary information to provide the requisite disclosures, "he could have notified the Court of his inability to comply with the Rule by the set deadline . . . .  However, he did no such thing."  *Wilson v. Home Depot U.S.A., Inc.*, 2014 WL 1882024, at *3 (N.D. Tex. May 12, 2014) (Boyle, J.).  For this reason, "Plaintiff's explanation for his non-

compliance falls short of justifying the failings of his designation[.]"  *Id.*

6

Viewing the four-factor test holistically, the court concludes that the deficiencies were neither substantially justified nor harmless.  For this reason, under Rule 37(c)(1), Sterling would not have been "allowed to use th[ese] . . . witness[es] to supply evidence [opposing the] motion" for summary judgment.  Rule 37(c)(1).  Sterling was therefore left "without 'the requisite expert evidence to support [his] Texas medical negligence claim[s,]'" which thereby "entitle[d] the [government] to summary judgment."  *Sereseroz*, 2017 WL 1157224, at *5. In other words, even assuming *arguendo* that Sterling timely responded to the government's motion, Sterling could not have relied on the testimony of any of the proffered experts to oppose the government's summary judgment motion, and therefore his response would have been insufficient to avoid summary judgment.  *See Honey-Love v. United States,* 664 Fed. Appx. 358, 362 (5th Cir. 2016) (per curiam) (affirming district court's exclusion of evidence under Rule 37(c)(1) and noting that "the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless.").  Thus the court did not err in granting the government's summary judgment motion based on Sterling's absence of sufficient evidence to create a genuine issue of material fact.  *See also Sereseroz*, 2017 WL 1157224, at *5 (excluding plaintiff's expert testimony under Rule 37(c)(1) and granting government's summary judgment motion based on plaintiff's absence of evidence).

V

The court now considers whether its grant of summary judgment before the discovery period closed constitutes a manifest error of law or fact that entitles Sterling to Rule 59(e) relief.

"A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party[.]" *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (citing *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). Nevertheless, "Rule 56 does not *require* that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion Rule 56[(d)] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (emphasis added) (collecting cases). Moreover, "[i]t is immaterial that the discovery period [is] not closed before the district court rule[s] on [defendant's] motion for summary judgment," particularly where "[t]he deadline for [plaintiff] to designate experts ha[s] passed, and [plaintiff's claim] [cannot] survive summary judgment without expert testimony." *Emery v. Medtronic, Inc.*, 793 Fed. Appx. 293, 296 (5th Cir. 2019) (per curiam). Here, although the discovery period had not yet closed when the court granted the government's summary judgment motion, the deadline to designate experts had passed, and Sterling failed to seek relief under Rule 56(d). For this reason, the court did not err in granting the government's motion, and Sterling is not entitled to relief on this ground.[7]

---

[7]To the extent Sterling relies on an ongoing discovery dispute as a basis for his motion to reinstate, the court explained in *Sterling II*:

VI

Having concluded that the court did not commit any manifest error of law or fact, the court now considers whether any other factors, such as excusable neglect, prejudice to the government, or a meritorious claim, on balance entitle Sterling to Rule 59(e) relief.

A

The court considers first whether the alleged agreement between Sterling's counsel and the government's counsel to extend the summary judgment response deadline entitles Sterling to relief from judgment.

To be entitled to relief under Rule 60(b)(1)—which informs (although it does not control) the court's Rule 59(e) analysis—the movant must demonstrate mistake, inadvertence, surprise, or excusable neglect.  "Gross carelessness, ignorance of the rules, or

---

although there was a discovery dispute in which the magistrate judge ordered the government to amend a discovery response, Sterling made no attempt to request relief under Fed. R. Civ. P. 56(d) from his obligation to respond to the government's summary judgment motion.  Moreover, the government asserts—and Sterling did not dispute—that it complied with its obligations on March 11, 2020, nine days before Sterling's summary judgment response was due.  Because Sterling has not availed himself of relief under Rule 56(d), the court concludes that there is no cause to defer a ruling on the government's motion for summary judgment.

*Sterling II*, 2020 WL 1529184, at *1 n.2.  The Fifth Circuit has held that, where a discovery dispute or any other hindrance prevents a nonmovant from timely responding to a summary judgment motion, "Rule 56[(d)] is his remedy."  *Washington*, 901 F.2d at 1285.  The court therefore did not err in granting the government's motion where Sterling failed to seek the remedy available to him.

ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co.*, 6 F.3d at 357 (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). "In fact, a court would abuse its discretion if it were to [grant a motion] under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

Sterling's counsel's reliance on an alleged agreement with opposing counsel to extend the summary judgment deadline, and permit discovery in the interim, does not support relief from the final judgment. Indeed, "[t]he [c]ourt cannot reopen the case when the sole reason proffered by [p]laintiff is that counsel . . . forgot to seek the Court's approval to extend the deadlines." *Fret v. Melton Truck Lines, Inc.*, 2016 WL 10590159, at *4 (W.D. Tex. Dec. 13, 2016); *see also Davila*, 2017 WL 1509303, at *3 (holding that failure to respond due to "counsel's 'unfortunate calendaring error'" did "not constitute a valid reason for setting aside the summary judgment"). This is because "Plaintiff[] ha[s] a duty of diligence to inquire about the status of the[] case," to comply with the court's scheduling order, and to seek appropriate relief when necessary. *Trevino*, 944 F.3d at 571. Once Sterling believed he needed additional time to respond to the summary judgment motion, his counsel "should have sought a continuance under Rule 56(d)," which "permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is essential to her opposition to a motion for summary judgment." *Choe v. Bank of Am., N.A.*, 2014 WL 2980372, at *2 (N.D. Tex. July 2, 2014) (Fitzwater, C.J.) (quoting *Wright v. BlytheNelson*,

- 18 -

2001 WL 1012701, at *2 (N.D. Tex. Aug. 15, 2001) (Fitzwater, J.)), *aff'd*, 605 Fed. Appx. 316 (5th Cir. 2015).  Sterling's counsel failed to do so here.  The failure to comply with the court's scheduling order or Rule 56 due to "counsel's carelessness with or misapprehension of . . . the applicable rules of court" does not warrant Rule 59(e) or Rule 60(b)(1) relief. *Edward H. Bohlin Co.*, 6 F.3d at 357.

B

The court considers next whether Sterling has established a meritorious claim.  "A district court has the discretion to refuse to set aside a . . . judgment" if the party seeking relief "fails to present a meritorious [claim] sufficient to support a finding on the merits[.]" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120 (5th Cir. 2008) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)).  "The underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (internal brackets and quotation marks omitted) (holding that the record might support a finding of a "meritorious defense" based on affidavits and facts).  Although the party seeking relief "need not prove that it will likely succeed on the merits," he must "establish that the evidence submitted, if proven at trial, would constitute a [meritorious claim]."  *Fine v. Evergreen Aviation Ground Logistics Enter., Inc.*, 2009 WL 793753, at *3 (E.D. Tex. Mar. 20, 2009) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Sterling does not point the court to *any* evidence in his motion to reinstate that would

support reinstating the case.[8]  And, as the court has previously explained, Sterling's "failure to respond to [the government's] summary judgment motion meant that []he had not offered evidence," expert testimony in particular, that would support his medical negligence claim. *Emerton v. Kroger Co.*, 2015 WL 731250, at *2 (N.D. Tex. Feb. 20, 2015) (Fitzwater, C.J.) (finding no meritorious defense where summary judgment nonmovant failed to respond).  For this reason, the court concludes that Sterling has failed to set forth a meritorious claim.  *See, e.g., Royal & Sun/All. v. Steadfast Ins. Co.*, 2007 WL 9761409, at *3 (S.D. Tex. Sept. 5, 2007) (holding that there was no "meritorious [claim], or even a convincing argument" where party seeking Rule 60(b)(1) relief had failed to respond to the summary judgment motion and "ha[d] not proffered one iota of evidence" to support its claim in its Rule 60(b)(1) motion); *see also Fret v. Melton Truck Lines, Inc.*, 2017 WL 5653905, at *4 (W.D. Tex. Feb. 13, 2017) (holding that plaintiff failed to establish a meritorious claim where she "did not present the Court with any evidence at the summary judgment stage or in her first motion to

---

[8]Sterling has attached five exhibits to his motion.  The first two exhibits—a letter to opposing counsel regarding the extension of time to file a summary judgment response and the affidavit of Sterling's counsel—attempt to demonstrate that Sterling's counsel did not willfully miss the summary judgment response deadline.  The third exhibit is the deposition transcript of Jeffrey Chad Gahan, M.D. ("Dr. Gahan").  But Sterling has not pointed to any portions of the transcript that would support his claims.  Indeed, it appears that he included Dr. Gahan's transcript to show that an "attempt was made by the [government] to secrete or hide or conceal . . . items in the subpoena," and that "[t]his alone should be sufficient to require [Dr. Gahan] to s[i]t for another deposition with the items . . . before him."  P. Mot. 2-3.  The fourth exhibit includes the magistrate judge's order that defendant comply with the "organize and label" requirement.  The fifth includes the court's order modifying the scheduling order to extend the discovery, summary judgment motion, and other motions deadlines.  None of the five exhibits provides evidence to support Sterling's claims.

- 20 -

reconsider.").

## C

Regarding prejudice to the government, a party who secures dismissal of a case will of course "suffer some form of prejudice anytime [the party] obtains such relief and the opposing party is successful in having it set aside. The court must therefore assess whether the prejudice is unfair." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.). If the court sets aside the judgment of this case, the government will be required to defend a lawsuit that it otherwise would not have been obligated to defend. This is not unfairly prejudicial to the government, except to the extent it has been required to respond to Sterling's present motions. Although this court has often held that if an opposing party is compensated for such fees and costs, the prejudice to that party is not unfair, *see, e.g., Duffin v. Ocwen Loan Servicing, LLC*, 2019 WL 2341047, at *2 (N.D. Tex. June 3, 2019) (Fitzwater, J.), such a principle does not apply equally to the government, which does not fund litigation in the same way as a private party. Nevertheless, because the government would only have been inconvenienced to the extent it had to respond to Sterling's post-judgment motions and filings, the court concludes that the prejudice to the government, if any, is minimal.

## D

Considering the pertinent factors *in toto*, the court concludes that Sterling has failed to establish the requisite good cause to warrant Rule 59(e) relief. To the extent he based his motion on an alleged manifest error of law, the court concludes that there was none.

Moreover, although granting Rule 59(e) relief would only minimally prejudice the government, Sterling has failed to establish excusable neglect or a meritorious claim.  This conclusion is bolstered by Sterling's failure to seek relief until now.  He failed to seek another extension of the deadline to designate experts prior to the government's motion for summary judgment and failed to move under Rule 56(d) for additional time to obtain discovery when it became apparent that he did not have the requisite evidence to oppose the government's motion.  For these reasons, the court concludes that Sterling is not entitled to alter or amend the judgment and declines to reinstate the case.

\*     \*     \*

The court declines to alter or amend the judgment in this case and denies Sterling's motion to reinstate.  Sterling's motion for extension of time to respond to the government's summary judgment motion and the government's objection to Sterling's expert designation are denied as moot.

**SO ORDERED**.

May 12, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE